Carol Cooper
3417 North Evergreen Street
Chandler, Arizona
Plaintiff
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

| | |
|---|---|
| Carol Cooper, | Case N°: 05-1192 RBW |
| Plaintiff, | APPLICATION FOR PRELIMINARY INJUNCTION |
| v. | |
| UNITED STATES OF AMERICA | |
| Respondent. | |

Plaintiff has alleged that defendant, by and through officers and employees, disregarded numerous provisions of the Internal Revenue Code, and regulations prescribed thereunder.

LEGAL BASIS FOR PRELIMINARY INJUNCTION

Defendant's agency is required by law to make and preserve records containing adequate and proper documentation of agency activity, as described above, as evidence of that activity.

Defendant's agency is required by law to maintain such records. Unauthorized removal or destruction of such records is a felony.

Defendant's agency is required by law to allow access to, and copying of, such records, by one to whom the records refer. Defendant is without authority to refuse production of records in defendant's possession.

---

[1] As designated in Title 26, United States Code, § 7433.

Page 1 of 2

Defendant has failed to produce such records. By agency action, defendant has demonstrated that it possesses no records supporting the actions complained of herein.

On the basis of the allegations, plaintiff is entitled to injunctive relief beyond reach of 26 U.S.C. §7421, pursuant to LAING v. UNITED STATES, 423 U.S. 161 (1976); ENOCHS v. WILLIAMS PACKING CO., 370 U.S. 1 (1962);

As stated in Enochs, 370 U.S. 1, 8:

> "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes *when the collecting officers have made the assessment* and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 ." (emphasis added)

As alleged herein, defendants failed to make or record any assessment. This failure renders IRC §7421 inapplicable, as explained in Enochs, 370 U.S. 1, 7:

> The manifest purpose of 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. 6 *Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in "the guise of a tax."* Id., at 509. (emphasis added)

Defendant has administratively admitted failure to assess, by failing to produce the record of the assessment. Section 7421(a)'s inapplicability in the instant case is also supported by LAING, 423 U.S. 161, 162:

> "[B]ecause [IRS] failed to comply with these requirements, the taxpayers' suits were not barred by the Anti-Injunction Act. Pp. 169-185."

COLLECTION CALLS

Since the filing of this action, one Sharon Peters, representing herself as a Revenue Officer with the Internal Revenue Service, has repeatedly called me on the telephone in an attempt to "collect" the assessments which defendant has demonstrated do not exist.

When asked, once again, for a copy of the assessment (which, by agency action, is presumed nonexistent), Sharon Peters refused.

When informed of the existence of this action, Sharon Peters said, "I don't care."

Sharon Peters announced her intent to continue harassing me until I do whatever it is she, personally, wants me to do.

Based upon the complaint in the instant action, the United States has repeatedly demonstrated that there is no possibility of rebutting the claims of plaintiff. Plaintiff has already suffered extreme hardship, and defendant's officer has stated agency intent to continue harassment and infliction of hardship without authority.

I ask that the court impose a preliminary injunction, effective until *and unless*, defendant produces to the court the 23C assessments underlying the takings that have, and by Sharon Peters' determination, will continue.

Respectfully entered this 6th day of September, 2005.

_____
Carol Cooper