UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROL COOPER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 05-1192 (RBW) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On June 16, 2005, the plaintiff filed this action challenging a decision by the Internal Revenue Service, pursuant to both the Internal Revenue Code, 26 U.S.C. § 7433 (2000), and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (2000). Currently before the Court is the plaintiff's motion for a preliminary injunction.[1] Federal Rule of Civil Procedure 65(a)(1) clearly states that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "While Rule 65 does not define 'notice,' . . . the sufficiency of notice 'is a matter left within the discretion of the trial court . . . .'" Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003) (quoting United States v. Alabama,

---

[1] In order to obtain a preliminary injunction, the plaintiff has the burden of demonstrating: "(1) a substantial likelihood of success on the merits, (2) that [she] would suffer irreparable injury if the injunction is not granted, (3) that any injunction would not substantially injure other interested parties, and (4) that the public interest would be served by the injunction." Katz v. Georgetown Univ., 246 F.3d 685, 687-88 (D.C. Cir.2001). The essence of the plaintiff's complaint and motion for a preliminary injunction is to seek redress for an allegedly unlawful agency action. Compl. at 2-3. While the Court makes no ruling on the substance of the plaintiff's request, it appears that the current motion before the Court does not satisfy the requirements for the issuance of a preliminary injunction.

791 F.2d 1450, 1458 (11th Cir. 1976)). In this Court, the Local Rules require that any motion filed be accompanied by proof of service, unless otherwise excused by the Federal Rules of Civil Procedure. LCvR 5.3. The notice requirement, however, does not mandate that the moving party demonstrate actual proof of service, rather, the plaintiff may demonstrate, based on the totality of the circumstances, that notice was provided. Citizen Savings Bank v. GLI Technical Servs., Inc., 1996 WL 737008 (E.D. La. Dec. 23, 1996). Thus, for example, a Court can conclude that notice was sufficient even if actual notice was not provided if the non-moving parties "simply refused to either accept notice or were attempting to avoid notice." Id. at *3.

Here, because the plaintiff has failed to provide proof of service to the Court, or any indication that service was attempted, a preliminary injunction cannot be issued and the plaintiff's motion for a preliminary injunction must be denied without prejudice. See, e.g., Stanion v. Sec'y of the Air Force, 12 F.3d 1108, at *1 (9th Cir. Nov. 22, 1993) (affirming denial of preliminary injunction because there was no notice on adverse parties); Comeaux v. Thaler, 2005 WL 1765177 (S.D. Tex. July 26, 2005) (denying motion for preliminary injunction because the certificate of service indicated that the preliminary injunction motion had not been served on the adverse party); Fed. R. Civ. P. 65(a)(1);  Accordingly, it is hereby this 28th day of September, 2005

    **ORDERED** that the plaintiff's motion for a preliminary injunction is **DENIED.**

    **SO ORDERED.**

                                                REGGIE B. WALTON
                                                United States District Judge