IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-1192 (RBW) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' OPPOSITION TO PLAINTIFF'S "PERFECTED" APPLICATION FOR A PRELIMINARY INJUNCTION

Plaintiff seeks an injunction preventing the Service from collecting her tax liability. Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's suit. Thus, the act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See, Foodservice & Lodging Institute, Inc. V. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIA v. United States, 660 F.Supp. 12, 13 (D.D.C. 1987).

Notwithstanding that, the Supreme Court has recognized a narrow, judicial exception to section 7421. This exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court

concluded that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970); Vuin v. Burton, 327 F.2d 967, 969 (6th Cir. 1964).

    Plaintiff cannot demonstrate that under the circumstances she presents could the government never prevail.  Plaintiff's motion is notable for being completely devoid of any specific factual allegations.  She does not identify any of the tax years at issue, the amounts or dates of alleged "wrongful" collection, specifics as to the alleged "harassment" by the Internal Revenue Service, or any other facts other than expressing the reasonable and understandable dissatisfaction that a Revenue Officer is attempting to collect her unpaid taxes.

    As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn, 766 F.2d at 589.  Plaintiff can temporarily forestall collection—which is the ultimate relief she requests in this motion—by requesting a "collection due process

hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Because the Internal Revenue Code provides an administrative procedure by which she can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the *Enochs* test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify the issuance of an injunction pursuant to the judicial exception. The Court should deny plaintiff's motion.

DATED:     November 1, 2005

                                        Respectfully submitted,

                                        /s/ Jason S. Zarin
                                        JASON S. ZARIN
                                        Trial Attorney, Tax Division
                                        United States Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, DC 20044
                                        Telephone: (202) 514-0472

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Opposition to Plaintiff's "Perfected" Application for a Preliminary Injunction has been made this 1st day of November, 2005, by mailing, postage prepaid, addressed to:

> Carol Cooper
> 3417 North Evergreen Street
> Chandler, AZ 85225-7178

/s/ Jason S. Zarin
_____
JASON S. ZARIN