IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROL COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-1192 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

The relief plaintiff requests in her complaint is the refund of a federal tax she alleges to be illegally or erroneously collected.[1] (Compl. pp. 1–2, 14.) Under 28 U.S.C.

---

[1] Although plaintiff asserts a veritable litany of Internal Revenue Code sections in her amended complaint, the relief she requests is the "recovery, *i.e.*, replevin, of amounts erroneously and illegally assessed and collected." (Compl. pp. 1–2.) Indeed, the sole relief requested is a refund of taxes paid or collected with interest. (Compl. p.14.) Under the "well-pleaded complaint rule" as articulated by the Supreme Court, Miller is bound by the federal cause of action she explicitly asserts in her petition. The rule states:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

Taylor v. Anderson, 234 U.S. 74, 75–76 (1914). In other words, federal question jurisdiction depends solely on what the plaintiff pleads in her complaint or petition. Thus, despite plaintiff's haphazard citation of a litany of Internal Revenue Code citations, plaintiff's complaint is simply a suit for refund under 26 U.S.C. § 7422 and 28

§§ 1402(a)(1) & 1346(a), venue for such a suit is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of Arizona, venue lies in the District Court for the District of Arizona. Venue in this Court is improper.

Because venue is lacking in this Court, the Court should dismiss this case. <u>See</u> Fed. R. Civ. P. 12(b)(3).

DATED:	November 1, 2005

                                            Respectfully submitted,

<u>/s/ Jason S. Zarin</u>
JASON S. ZARIN
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-0472

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

---

U.S.C. § 1346(a).

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Memorandum of Law in Support of the United States' Motion to Dismiss has been made this 1st day of November, 2005, by mailing, postage prepaid, addressed to:

>   Carol Cooper
>   3417 North Evergreen Street
>   Chandler, AZ 85225-7178

/s/ Jason S. Zarin

_____

JASON S. ZARIN