UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROL COOPER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1192 (RBW) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

On June 16, 2005, the plaintiff filed this action challenging a decision by the Internal Revenue Service, pursuant to both the Internal Revenue Code, 26 U.S.C. § 7433 (2000), and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (2000). Specifically, the plaintiff seeks, among other things, the recovery of taxes that were allegedly "erroneously and illegally assessed and collected." Complaint ("Compl.") ¶ II.A.1. It appears that the basis of the plaintiff's claim is that the Internal Revenue Services ("IRS") has failed to provide the plaintiff with documentation supporting the tax assessment against her. Compl. ¶ IV.A - D. Currently before the Court is the plaintiff's motion for a preliminary injunction.[1] For the reasons set forth below, the plaintiff's motion for a preliminary injunction must be denied because this Court is without jurisdiction to grant the requested relief.

---

[1] In order to obtain a preliminary injunction, the plaintiff has the burden of demonstrating: "(1) a substantial likelihood of success on the merits, (2) that [she] would suffer irreparable injury if the injunction is not granted, (3) that any injunction would not substantially injure other interested parties, and (4) that the public interest would be served by the injunction." Katz v. Georgetown Univ., 246 F.3d 685, 687-88 (D.C. Cir. 2001).

26 U.S.C. § 7421 (2000), the Anti-Injunction Act, provides that, except in certain statutorily defined circumstances not applicable here, and a judicially created exemption discussed below, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The Anti-Injunction Act is in the nature of a jurisdictional bar. Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); see also Ross v. United States, 861 F. Supp. 406, 407 (E.D.N.C. 1994) (citing Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962), Bennett v. United States Director of Internal Revenue, 468 F.2d 584 (4th Cir. 1972); Johnson v. Wall, 329 F.2d 149 (4th Cir. 1964)). Thus, unless an exception to the Anti-Injunction Act applies, a motion for a preliminary injunction to enjoin the collection of taxes must be denied. Foodservice & Lodging Institute, 809 F.2d at 844-45. Accordingly, once a tax has been assessed, the taxpayer's only recourse is to pay the tax in full and then sue for a refund in district court. Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999).

However, "an injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the Government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists in that the taxpayer shows that he would otherwise suffer irreparable injury." Commissioner v. Shapiro, 424 U.S. 614, 627 (1976) (quoting Enochs, 370 U.S. at 7). The burden is on the taxpayer to establish both prongs of this test, and unless both prongs are satisfied, a suit for injunctive relief must be dismissed. Alexander v. "Americans United," Inc., 416 U.S. 752, 758 (1974). Here, the plaintiff has failed to make any attempt to satisfy either prong of this test. First, both her complaint and motion for a preliminary injunction

lack any specific factual allegations, such as the tax year at issue, the amounts or dates of the alleged "wrongful" collection, or specific incidents of "harassment" by the IRS, from which this Court could determine whether the government could never prevail in this action.  In addition, there is no contention that this Court should exercise equitable jurisdiction over this action.  In fact, as the defendant points out, the plaintiff can temporarily forestall collection of any assessment by requesting a "collection due process" hearing with the IRS.  26 U.S.C. § 6330 (2000).

Based on the foregoing, it is clear that this Court lacks jurisdiction to grant the plaintiff's motion for a preliminary injunction.  Accordingly, it is hereby this 3rd day of November, 2005

**ORDERED** that the plaintiff's motion for a preliminary injunction is **DENIED.**  It is further

**ORDERED** that the plaintiff shall file an opposition to the defendant's motion to dismiss by November 23, 2005.  "The failure to respond . . . may result in the district court granting the motion and dismissing the case."  See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

**SO ORDERED.**

                                          REGGIE B. WALTON
                                          United States District Judge