Carol Cooper
3417 North Evergreen Street
Chandler, Arizona
Plaintiff
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

Carol Cooper,         Case Nº: 05-1192 RBW

    Plaintiff,        RESPONSE TO UNITED STATES' OPPOSITION TO PLAINTIFF"S PERFECTED[2] APPLICATION FOR PRELIMINARY INJUNCTION; UNITED STATES' MOTION TO DISMISS, and MEMORANDUM IN SUPPORT;

    v.

UNITED STATES OF AMERICA

    Respondent.

Plaintiff herein responds to the UNITED STATES' OPPOSITION TO PLAINTIFF"S PERFECTED[3] APPLICATION FOR PRELIMINARY INJUNCTION; UNITED STATES' MOTION TO DISMISS, and MEMORANDUM IN SUPPORT.

UNITED STATES' OPPOSITION TO PLAINTIFF"S PERFECTED[4] APPLICATION FOR PRELIMINARY INJUNCTION

Anti-Injunction Act and ENOCHS Exception

Respondent UNITED STATES OF AMERICA, by and through counsel, argues that this action is barred by the Anti-Injunction Act. OPPOSITION, p.1. This argument is made in

---

[1] As designated in Title 26, United States Code, § 7433.
[2] I had previously sought a Preliminary Injunction, but failed to include a Certificate of Mailing. This has been corrected.
[3] I had previously sought a Preliminary Injunction, but failed to include a Certificate of Mailing. This has been corrected.
[4] I had previously sought a Preliminary Injunction, but failed to include a Certificate of Mailing. This has been corrected.

preface to the acknowledgment of the exception recognized by the Supreme Court in ENOCHS v. WILLIAMS PACKING CO., 370 U.S. 1 (1962), cited in my Perfected Application, to claim that such exception is inapplicable in the present case. Notwithstanding counsel's legal conclusion, to which OBJECTION is hereby made, I contend that ENOCHS is directly applicable.

First of all, counsel asserts that the ENOCHS court,

"…concluded that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail and (2) equity jurisdiction otherwise existed."

The court is requested, pursuant to Federal Rule of Evidence 201, to take Judicial Notice that **Respondent UNITED STATES OF AMERICA has failed to produce any record of assessment** providing foundation for the collection actions complained of in my complaint. Such record is the <u>only</u> evidence to show that the collection actions complained of are anything other than an *"exaction … in 'the guise of a tax.'* [citing Standard Nut Margarine]., at 509."

The failure to produce such record evidence – required by the Internal Revenue Code, the Federal Records Act, and their respective regulations – is an agency action as defined in the Administrative Procedure Act, 5 USC § 551(13). In light of the affirmative allegation that defendant lacks such record evidence, this failure should convince the court that, under no circumstances <u>supported by evidence in the instant case,</u> can the government prevail.

Equitable Jurisdiction and ENOCHS

The ENOCHS court laid out the exception:

We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained.

The UNITED STATES OF AMERICA's failure to produce the one and only item of evidence absolutely dispositive of the case at bar also establishes equitable jurisdiction. I have been damaged, and that damage is continuing, despite the UNITED STATES OF AMERICA's repeated demonstration that it lacks the record evidence sufficient to prove it is collecting a tax.

Counsel Misrepresents Law

In arguing why a preliminary injunction should not issue, counsel for the UNITED STATES OF AMERICA cites Flynn v. United States, 786 F.2d 586, at 589. The age of the Flynn case is the first evidence of counsel's misrepresentation. Flynn was adjudicated in 1986, 2 *years before Congress enacted the Taxpayer Bill of Rights*, including section 7433 of the Internal Revenue Code. Flynn cannot possibly address jurisdiction under section 7433, and a trained attorney, so skilled as to have been appointed Trial Counsel in the Tax Division of the Department of Treasury should be expected to know that.

I have been unable to find Flynn electronically, apparently because cases from 1986 are not yet available on the internet. I have been able to find more recent cases that cite Flynn. Each of those cases is predicated upon Internal Revenue Code section 6213, which is not a jurisdictional foundation in the instant case.

One of the cases citing Flynn was White v. The United States Government Department of The Treasury– Internal Revenue Service, Docket No. 97-3313 in the United States District Court For The Eastern District Of Pennsylvania. The citation to Flynn reads:

> White claims that Section 26 U.S.C. § 6213(a), a statutory exception to the Anti-Injunction Act, applies to his case. Compl. at 6. Under § 6213(a), the I.R.S. must give notice to a taxpayer prior to initiating collection proceedings, and a taxpayer may, within ninety days after mailing of the notice, petition the Tax Court to redetermine the deficiency. See Flynn, 786 F.2d at 589.

Footnote 2, White, p. 5, elaborates, also citing Flynn:

> 2. To the extent to which he may be claiming it, White does not fit within the judicial exception to the Anti-Injunction Act that was created in Enochs v. Williams Packing, 370 U.S. 1, 7 (1954). A taxpayer must meet two requirements for the exception to apply. First, the taxpayer must demonstrate that when the facts and law are examined in the light most favorable to the government, it must appear that the government *cannot prevail on the merits*. Second, there must also be an independent basis for the court to exercise its equitable jurisdiction. Id.; Bob Jones University, 416 U.S. at 737; see also Flynn, 786 F.2d at 589.

On the basis of the pleadings in the instant case, and the UNITED STATES OF AMERICA's failure to produce the one and only dispositive item of evidence fits within the ENOCHS exception: an *"exaction ... in 'the guise of a tax.'"* With respect to that one and only dispositive item of evidence, the court is requested, pursuant to Federal Rule of Evidence 201, to take Judicial Notice, of the UNITED STATES OF AMERICA's admission, by and through its

1  agent in March v. Internal Revenue Service, (D.C. No. CIV-01-895 LH/KBM) CA 10, 2003[5], of
2  routine failure to make such record evidence:

> In reality, the courts have created a legal fiction in which the submission of Form 4340, which lists a "23C Date," creates a presumption that a Form 23C was signed. While the courts have said that this presumption is rebuttable by the taxpayer, the IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false.

The UNITED STATES OF AMERICA's failure to produce the one and only dispositive item of evidence in opposing a preliminary injunction in the instant case "is because [it] probably do[es] not physically exist." The UNITED STATES OF AMERICA should not enjoy "the benefit of a presumption that [its agent] admit[s] is likely false."

The presumption that a 23C was executed has been rebutted by the UNITED STATES OF AMERICA's agent. A preliminary injunction should issue until and unless a 23C is entered into evidence.

UNITED STATES' MOTION TO DISMISS, and MEMORANDUM IN SUPPORT

First, counsel should be reminded that my name is Cooper, not Miller. MEMO, p.1, n.1.

Second, in giving inadequate consideration to the allegations in the complaint, counsel once again overlooks the jurisdictional foundations of the complaint. This action is brought under IRC section 7433 for unauthorized collection activities, and under the Administrative Procedure Act for agency action unreasonably withheld or denied, and under the All Writs Act.

For benefit of counsel: Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433(a)*, states:

> "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

This is an action for damages sustained as a result of unauthorized collection activity.

---

[5] Although this case was filed on February 25, 2003, and was to be published, I have been unable to find publication

| | |
|---|---|
| 1 | For benefit of counsel: The court has power under the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 706(1), to compel agency action unlawfully withheld or unreasonably denied; and to hold unlawful and set aside agency action findings, and conclusions found to be - |

- a) (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
- b) (B) contrary to constitutional right, power, privilege, or immunity;
- c) (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
- d) (D) without observance of procedure required by law;
- e) (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or
- f) (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

With respect to that power, "the whole record or those parts of it cited by a party," e.g., Plaintiff, lacks the one and only dispositive item of evidence; a certificate of assessment.

As to counsel's venue assertions, counsel misrepresents 28 USC § 1402:

(a) Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;

(2) In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation; or if it has no principal place of business or principal office or agency in any judicial district

(A) in the judicial district in which is located the office to which was made the return of the tax in respect of which the claim is made, or

(B) if no return was made, in the judicial district in which lies the District of Columbia. Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division.

To my knowledge, I filed no return upon information and belief that no such return is required of me, and counsel has not asserted that such a return was filed. Venue is proper under 28 USC § 1402(a)(2)(b). Furthermore, the interests of justice support filing in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73); Title 28 United States Code § 1391.

Lastly, I am aware of numerous IRC section 7433 lawsuits in which the UNITED STATES OF AMERICA has already submitted to the jurisdiction of the District Court in the District of Columbia, and counsel's assertion is therefore unwarranted; sanctions are appropriate in a manner best determined by the court.

Respectfully entered this 9th day of November, 2005.

_____
Carol Cooper

Copies mailed this 10th day
Of October, 2005, to: Ca

Jason S. Zarin
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
BenFranklin Station
Washington, District of Columbia 20044

Kenneth L. Wainstein,
United States Attorney, District of Columbia
555 4th Street, NW
Washington, District of Columbia 20530
202 514 7566

Alberto Gonzales,
United States Attorney General
950 Pennsylvania Avenue
Washington, District of Columbia 20530