# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| | ) | |
| CAROL COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1192 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

---

## ORDER

Currently before the Court is the defendant's Motion to Dismiss ("Def.'s Mot."), its

Memorandum of Law in Support of the United States' Motion to Dismiss ("Def.'s Mem."), and

the plaintiff's opposition thereto ("Pl.'s Opp'n"). For the reasons set forth below, it is clear that

this Court is not the proper venue for the litigation of this action, and thus it must be dismissed.[1]

On June 16, 2005, the plaintiff filed this action challenging a decision by the Internal

Revenue Service ("IRS") pursuant multiple provisions of the Internal Revenue Code, including

26 U.S.C. § 7433 (2000) and 28 U.S.C. § 1346 (2000), and also the Administrative Procedure

Act, 5 U.S.C. § 701 et seq. (2000) ("APA"). Complaint ("Compl.") ¶ II.A, B, D. Despite

seeking redress under at least eight separate statutory provisions, the underlying relief sought by

the plaintiff is the recovery of taxes that were allegedly "erroneously and illegally assessed and

---

[1] While transfer of this case to the United States District Court for the District of Arizona would be
appropriate, neither party requests such a transfer. However, if the plaintiff desires the Court to transfer this case to
an appropriate District Court, she shall so advise the Court within thirty days of the issuance of this Order, and the
Court will re-open this case and transfer this matter accordingly.

collected." Id. ¶ II.A.1.  It appears that the basis for the plaintiff's claim is that the IRS has failed

to provide the plaintiff with documentation supporting the tax assessment against her.  Id. ¶ V.A

- D.  The plaintiff therefore seeks an order from this Court directing the IRS to refund federal

taxes, with interest, that she claims was illegally or erroneously assessed.  Id. ¶ VI.1 - 2.  In the

motion currently before the Court, the defendant claims that 28 U.S.C. §§ 1402(a)(1) & 1346(a)

limit the filing of actions for the recovery of illegally or erroneously collected taxes to the

judicial district where the plaintiff resides.  Def.'s Mem. at 1-2.  Thus, the defendant posits that

since the plaintiff resides in Arizona, this Court is not the proper venue for adjudicating the

plaintiff's claims.  Id.  The plaintiff opines, however, that this Court is the proper forum for this

action because she has claimed not only intentional and reckless violations of the Internal

Revenue Code, for which she seeks a refund, but also raises violations of the APA.  Pl.'s Opp'n

at 4-5.  In addition, the plaintiff claims that 42 U.S.C. § 1402(a)(2)(b) authorizes this Court to

exercise jurisdiction over her claims.  Id. at 5.  Upon careful review of the arguments submitted

by the parties, it is clear that this Court is not the proper venue for the filing of this action.

    First, despite the plaintiff's claim that this is an action that lies under multiple provisions

of the Internal Revenue Code and the APA, the complaint makes clear that the plaintiff is seeking

a refund of taxes that were allegedly unlawfully collected.[2]  See, e.g., Compl. ¶ IV.A ("Since

_____

    [2]  Both the plaintiff's complaint and opposition also cite 26 U.S.C. § 7433 as a basis for this Court's
jurisdiction and venue.  Compl. ¶ II.A; Pl.'s Opp'n at 4-5.  Section 7433 permits a taxpayer to bring a civil action for
damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any
officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the
[Internal Revenue Code] or any regulation promulgated" thereunder.  26 U.S.C. § 7433.  However, despite citing §
7433, it is apparent that the plaintiff is seeking relief in the form of a tax refund, and thus, this Court's assessment of
whether this case has been properly filed here depends on 28 U.S.C. §§ 1402, 1346.  This is because, the primary
relief a party must be seeking under § 7433 is damages, while in this case the plaintiff is seeking a tax refund.
Compl. at 7.  But even if this Court could consider the plaintiff's complaint as seeking § 7433 relief, this Court

(continued...)

June, 2004, defendants have taken more than [$]20,000 from me."); Compl. at 7 (seeking "[a]n

Order, directing defendants to restore to Plaintiff all amounts taken without record support."). 28

U.S.C. § 1346(a) is the statutory provision that provides for such relief, and thus, this provision is

the primary basis upon which the plaintiff's claims may be redressed. Specifically, § 1346(a)

provides that district courts shall have jurisdiction to entertain "[a]ny civil action against the

United States for the recovery of any internal-revenue tax alleged to have been erroneously or

illegally assessed or collected . . . ." 28 U.S.C.§ 1346. While any district court has jurisdiction

to adjudicate claims for refunds under 28 U.S.C. § 1346, venue is limited by 28 U.S.C. § 1402,

which provides:

> (a)  Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:
>
> (1)  Except as provided in paragraph (2), in the judicial district where the plaintiff resides;
>
> (2)  In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation; or if it has no principal place of business or principal office or agency in any judicial district (A) in which is located the office to which was made the return of the tax in respect of which the claim is made, or (B) if no return was made, in the judicial district in which lies the District of Columbia. Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest

---

[2](...continued)

would still dismiss this action. First, there are no facts in the plaintiff's complaint to support a claim for damages, and thus, this Court must conclude that the plaintiff has not in fact stated such a claim. For example, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Internal Revenue Code]." 26 U.S.C. § 7433. Thus, the plaintiff has failed to comply with Rule 8(a), because the complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In addition, a taxpayer seeking a damage award under § 7433 must demonstrate that she "has exhausted the administrative remedies available to [her] within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Here, other than simply asserting legal conclusions, Compl. ¶ II.C., the plaintiff does not even acknowledge that she had an obligation to exhaust her available administrative remedies, nor has she done so. See, e.g., McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004).

of justice, may transfer any such action to any other district or division.

Thus, under 28 U.S.C. § 1402(a)(1), venue is proper only in the district court in the "judicial

district where the plaintiff resides." Here, the plaintiff is a resident of Chandler, Arizona.

Compl. at 1. Accordingly, venue is proper in the United States District Court for the District of

Arizona, not the District of Columbia. See Vanskiver v. Rossotti, No. 00-2455, 2001 WL

361470 (D.D.C. Jan. 31, 2001) (dismissing complaint for improper venue because the plaintiffs

were residents of Kansas). Moreover, contrary to the plaintiff's contention, 28 U.S.C.

§ 1402(a)(2)(B) does not support this Court's jurisdiction and venue as the plaintiff is not a

corporation.

Based on the foregoing, it is clear that this Court is not the proper forum for this action,

and thus it must be dismissed.

**SO ORDERED** this 8th day of December, 2005**.**


REGGIE B. WALTON
United States District Judge

4